LOLA ASHFORD, ADMINISTRATRIX OF THE ESTATE OF LOLA BELLE REESE v. WILLIAM FOX AND SANDALL CLAWSON.

(Filed 4 May, 1960.)

**Automobiles §§ 41r, 47—**

> Evidence to the effect that defendant backed the car into a ditch in attempting to turn around, that he left his passenger in the car with the motor running to keep her warm and went off to obtain aid in getting the car out of the ditch, and that upon his return the passenger was dead as a result of carbon-monoxide poisoning from the fumes of the motor entering the car because the exhaust pipe was buried in the bank of the ditch, without any evidence that the driver could or should have known of the condition of the exhaust pipe, *is held* insufficient to be submitted to the jury on the issue of negligence of the driver in an action for the wrongful death of the passenger.

APPEAL by plaintiff from *Farthing, J.,* January Regular Civil "A" Term, 1960, of MECKLENBURG.

This is an action to recover for the alleged wrongful death of plaintiff's intestate.

It is alleged in the complaint that, on or about the 11th day of April 1958, at about 11:30 p.m., plaintiff's intestate, Lola Belle Reese, was in a highly intoxicated condition at a club in Belmont, North Carolina, and the defendant William Fox, the owner of the club, requested the defendant Sandall Clawson to take the said Lola Belle Reese home in his, William Fox's, 1951 Ford convertible automobile; that Lola Belle Reese was placed in the front seat of the automobile and the defendant Sandall Clawson drove the car some distance along Catawba Colony Road; that in attempting to turn the automobile around, the defendant negligently and carelessly backed it into a ditch, thereby imbedding the exhaust pipe of the car in the side of the ditch.

Plaintiff's evidence tends to show that, the defendant Clawson met the plaintiff's intestate at a club near Belmont and offered to take her home and she agreed; that Clawson asked the defendant Fox if he

could borrow his car; that Fox said he had to go home first; that Fox drove Clawson and plaintiff's intestate to his home and then Clawson drove the car to Beatty's Service Station and from there down the Old Dowd Road where he thought the plaintiff's intestate lived. When she informed him that she did not live on that road, he undertook to turn the car around and backed it into a ditch. The defendant Clawson and plaintiff's intestate tried to get the car out of the ditch but failed. Plaintiff's intestate told Clawson about a man who lived nearby who could possibly help them. Clawson went to this man's house and the man informed him he could not get his tractor started. Clawson tried two or three other places but could not get anyone to answer. The motor had been left running to keep the plaintiff's intestate warm, the weather was very cold. When he returned to the car plaintiff's intestate suggested he go to Beatty's Service Station and see if he could get someone to help him. He did so and returned in about an hour with a young white man, Jerry Groner, who had agreed to help him. Defendant Clawson, upon returning to the car, spoke to Lola Belle Reese, but she did not answer him. He opened the right front door of the car and she fell into his arms. She was then placed in Groner's car and carried to Beatty's Service Station and the Life Saving crew and the police were called.

The evidence tends to show that Lola Belle Reese had died from carbon-monoxide poisoning while in a drunken condition, but, from the alcoholic content contained in her body, not so drunk as to be unconscious therefrom. The evidence further tends to show that the only way it could be determined that the exhaust pipe was stopped up by being imbedded in the bank was to crawl under the car with a flashlight. The exhaust pipe could not be seen from the back of the car.

Both defendants moved for judgment as of nonsuit at the close of plaintiff's evidence. The motions were allowed and the plaintiff appeals, assigning error.

*K. R. Downs, Charles V. Bell for plaintiff.*
*Robinson, Jones & Hewson for defendants.*

PER CURIAM. There is no evidence tending to support the allegation in the complaint to the effect that the defendant Clawson was the agent of the defendant Fox at the time plaintiff's intestate met her death.

Moreover, there is no evidence tending to show that the defendant Clawson knew that the exhaust pipe of the car had become stopped

up or rendered defective in any manner at the time he left plaintiff's intestate to get help in order that the car might be removed from the ditch.

In our opinion, plaintiff's evidence is insufficient to establish actionable negligence against these defendants or either of them.

The judgment below is

Affirmed.